IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTIE DOUCETT,

        Plaintiff,

  vs.                                    CIVIL NO.  08-826 CG/LFG

D.R. HORTON, INC.,

        Defendant.

## ORDER GRANTING D.R. HORTON'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant D.R. Horton, Inc.'s ("Horton") Motion to Compel Answers to Horton's Second Set of Interrogatories [Doc. 49]. The Court considered the motion, response and reply. Oral argument is not necessary.

Horton seeks to compel Plaintiff Christie Doucett ("Doucett") to answer Interrogatory Nos. 13 through 16. Each of these is a contention interrogatory.

> Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position and explain or defend that position with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention.

<u>Discovery Proceedings in Federal Court</u>, § 16.04 (3d ed. 1995)

Interrogatories are governed by Fed. R. Civ. P. 33, and sub-section (a)(12) of the Rule provides that interrogatories are not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact. While contention interrogatories are inappropriate at the commencement of discovery, they are perfectly appropriate at the close of discovery. As the parties in this case are at the close of discovery, contention interrogatories are proper.

In this case, Horton is asking Doucett to clarify aspects of her claim.  For example, in <u>Interrogatory No. 13</u>, Horton asks, "Is Plaintiff claiming that her request to Horton for short-term disability is relevant to this case and, if so, then describe with particularity how and why such request is relevant to this case."  A response to this interrogatory can serve to significantly narrow the issues.

Doucett argues that the interrogatory calls for a legal conclusions.  That may well be the case, but it is an appropriate use of these kinds of interrogatories to require a plaintiff to flesh out the claims and contentions.  Indeed, the very purpose of a contention interrogatory is to determine exactly what is at issue in the lawsuit.  If Doucett is not claiming that her request for short-term disability is relevant to this case, then the parties need not spend the time or money necessary to prepare to meet the proofs at trial.  Alternatively, if she does assert that this is relevant, it is incumbent on her to explain why and how.  The Court overrules the objection and requires a full response to Interrogatory No. 13.

<u>Interrogatory No. 14</u>, Horton requires specifics concerning Doucett's earlier statement that her ability to work was compromised by the fact that her mother-in-law's health was impaired.  In response in opposition to the motion to compel, Doucett states that this interrogatory is premised on an incorrect statement.  Doucett contends she did not testify that her ability to work again was affected by her mother-in-law's health, but merely that she and her husband had to consider the cost of day care in determining whether it made economic sense for her to return to work, especially when her mother-in-law was having health problems.

If the alleged dispute concerning Doucett's version and Horton's version of what Doucett actually said becomes an issue, Doucett may properly explain her answer.  However, at this stage, it appears the question is proper.  The Court will therefore require Doucett to fully answer

Interrogatory No. 14.  Her answer, of course, may be to correct an earlier misapprehension of what she may have said.

Interrogatory No. 15 is also a contention interrogatory.  Doucett responded she believes three to five years of salary and commissions would constitute fair compensation.  As earlier noted, contention interrogatories compel a party to state the basis of the contention.  In this instance, Horton is asking Doucett to simply explain how many years of her salary she is claiming and why she would be entitled to that amount of money.  The question is fair.  As Doucett is contending an entitlement of three to five years of salary, she must explain why this is fair compensation.  A contention interrogatory is appropriate, and, therefore, Doucett is compelled to answer the interrogatory.

In Interrogatory No. 16, Horton asks Doucett to "specify your theory of the case that Horton saved money by terminating Plaintiff's employment before Plaintiff took FMLA as opposed to after, and how much money you claim Horton saved."  Doucett objects contending that the question requires disclosure of attorney-client information or information protected by work product.

The entire basis of a contention interrogatory is to compel a party to disclose the theory and the basis for the claim.  Horton appears to be asking for nothing more than an explanation as to a portion of Doucett's claim.  This is not privileged; it is part of Doucett's burden of proof.  The Court overrules the privilege objections and notes that this is a proper contention interrogatory.  Doucett is directed to fully respond.

The Court directs that responses to these interrogatories be supplemented and provided to Horton within ten days.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge